55 CCPA
### Application of Karl ZIEGLER, Heinz Breil, Erhard Holzkamp and Heinz Martin.
### Patent Appeal No. 7854.

United States Court of Customs and Patent Appeals.

Feb. 15, 1968.

Before WORLEY, Chief Judge, RICH, SMITH and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

Burgess, Dinklage & Sprung, Arnold Sprung, New York City, for appellants.

Joseph Schimmel, Washington, D. C. (Jere W. Sears, Washington, D. C., of counsel), for Comr. of Patents.

RICH, Judge.

This appeal is from a decision of the Patent Office Board of Appeals,[1] affirming the rejection of claims 1–19 in application serial No. 301,609, filed August 12, 1963, entitled "Polymerization Catalysts." No claim has been allowed.

The references relied on are:

| Anderson et al. [Anderson I] | 2,905,645 | Sept. 22, 1959 |
| Anderson et al. [Anderson II] | 3,050,471 | Aug. 21, 1962 |
| Gaylord and Mark [Gaylord], Linear and Stereo-regular Addition Polymers, page 94 (1959) | | |

All of the appealed claims were copied from Anderson II for the purpose of provoking an interference with that patent. The application at bar was filed just short of a year after the issuance of Anderson II and its general disclosure was clearly written for the specific purpose of supporting the copied claims. There is no question but that it does. There is also obviously no question but that Anderson II is fully anticipatory prior art against the claims copied from it unless appellants can establish that they are entitled to an earlier filing date as to those claims, sufficiently early to at least antedate Anderson II, and Anderson I as well insofar as it is pertinent. This appellants have attempted to do by claiming the benefit of several copending U. S. applications each of which has a German priority date. The appealed application states that it is "a continuation-in-part consolidation" of nine such prior applications, five of which are relied on in the brief.[2] It is stated that all of the 23 specific examples of the appealed application were copied verbatim from these five. That may be taken as true.

The examiner's rejection was that all claims are fully met by Anderson I or Anderson II and that appellants are unable to antedate these references on the basis of their earlier U. S. and German applications for the reason that they do not disclose the subject matter of the appealed claims. Whether this position, affirmed by the board, is correct is the sole issue before us.

Appellants' specification describes their invention as essentially a catalyst composition obtained by reacting titanium halide with an organometallic com-

---

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. Consisting of Asp and Lidoff, Examiners-in-Chief and Rosdol, Acting Examiner-in-Chief, opinion by Lidoff.

2. The oath states "That this application discloses and claims only subject matter disclosed in our co-pending applications" and then lists eleven U.S. applications.

The examiner said in the final rejection: "Obviously, this case is not a continuation of each of the prior applications as implied by the oath. A new oath in the continuation-in-part form is required." The implication of that statement is that this application adds matter not to be found in any of the parent applications. As will appear, this is a fact not disputed by appellants.

pound containing at least one hydrocarbon radical bonded to metal. It contains the following elaboration:

> The titanium halide is perferably a titanium *tetra*halide such as titanium *tetra*chloride, titanium *tetra*bromide, or the like.
>
> Since the organo-metallic compound or hydride when admixed with the titanium halide exerts a reducing effect on the titanium halide, the titanium *tri*halide, such as the *tri*chloride or bromide may be used in place of the *tetra*halide. *The tetrahalide is initially reduced to the trihalide so that the tetra-and-tri-halide may be considered complete equivalents and the use of the tetrahalide in fact involved the use of the trihalide as the same is converted to the trihalide or passes through the trivalent state.* [Emphasis ours.]

The soundness, as a legal proposition, of the last italicized passage in construing the appealed claims and the disclosures of the several parent applications of appellants is the crux of this case. All of the appealed claims specify titanium *tri*halide as one of the reactants used to produce a catalyst wherein the valence of the titanium has been reduced "at least in part, to below three," a limitation of all claims. Claim 1 is typical. Note that it is drawn to a reaction product and that one reactant is stated to be a *tri*halide. Claim 1 (including correction of an obvious word transposition) reads:

> 1. A catalyst composition consisting essentially of the reaction product obtained on *admixing a titanium trihalide* with an organometallic compound containing at least one hydrocarbon radical bonded to metal, the quantity of the organometallic compound being sufficient to lower the valence state of the titanium, *at least in part, to below three.* [Emphasis added.]

### The References

Anderson I teaches the use of titanium halides in making catalysts and lowering the valence state of the titanium "at least in part, to below 3." Of its 19 specific examples, all of them referring to titanium halide specify the *tetra*chloride or *tetra*fluoride except example XIV, which discloses *tri*chloride. The disclosure states more generally:

> It has been discovered in accordance with the present invention that extraordinary and highly useful effects are produced by combining divalent titanium with organic compounds containing ethylenic unsaturation. * * * divalent titanium is generally obtained by admixing a titanium compound having a valence state in excess of two with a reducing agent. The quantity of reducing agent which is present must be sufficient to convert the titanium at least in part to a valence state of two.

Anderson II is a continuation-in-part of Anderson I. Among its introductory paragraphs is the following:

> In accordance with the present invention, it has been discovered that extraordinary and highly useful effects are produced when titanium at a valence state below three is combined with ethylenically unsaturated hydrocarbon compounds. In specific embodiments, it has been found that complexes containing titanium at a valence state below three can be effectively used in the polymerization of ethylenically unsaturated compounds, such as ethylene, propylene, butene-1 and related olefins. The complex, containing titanium in a valence state below three, may be obtained in a number of ways. In a *preferred method*, a titanium *tri*halide is admixed with a metallic reducing agent. The resulting reaction product contains the titanium in the catalytically active valence state. [Emphasis added.]

The Anderson II specification includes twenty-eight examples, each of which describes the preparation of a catalyst using titanium trihalide as a starting material. Example XXV discloses titanium *tri*bromide and all the others *tri*chloride. There is no mention of *tetra*halide in the patent.

The one page of Gaylord in the record is cited for the following statement:

Although it is presumed that compounds of a higher valence state are reduced to a lower valence state during the preparation of the Ziegler catalyst, in order to obtain increased yields of isotactic polymer from the α-olefins, it is often feasible and desirable to utilize lower valence state compounds in the initial preparation of the Ziegler catalyst.

In order to obtain high yields of isotactic polymer from propylene, butene, and higher α-olefins * * *, styrene * * *, and 1,1-disubstituted ethylenes, such as 3-methyl-1-butene, 4-methyl-1-pentene and 1-hexene and 5-methyl-1-hexene * * *, *the preferred catalysts are the trihalides* of the group IV–VI metals, *rather than the tetrahalides*. [Emphasis added.]

### The Rejection

■ The board affirmed the rejection of all claims on Anderson II. Since we find that rejection to have been correct we need not consider separately some of the claims which it also held properly rejected on Anderson I.

All appealed claims call for a catalyst which is a reaction product of titanium *tri*halide and an organometallic compound, the valence state of the titanium being reduced in said product at least in part to below three.

Nothing that appellants must show disclosure of such a product in parent applications having dates sufficiently early to antedate the Anderson patents as references, the board held that they had failed to do so.

The best appellants have been able to find in their parent applications is what they have extracted therefrom in the way of specific examples for incorporation in the appealed application. There are 23 such examples. They all disclose titanium *tetra*chloride except Example 23 which discloses titanium *tetra*bromide.

To bridge the gap and fill in by inference a disclosure of *tri*halide, appellants rely on what is presumed to take place chemically during the making of the catalysts of the examples, as they have set it forth in their application and in their arguments. This is, in brief, that *tri*halide is formed *in situ* by reduction of *tetra*halide and, further, that the valence state of the trihalide titanium is then still further reduced at least in part to below three. The board said:

We have carefully studied the disclosures in each of the parent U. S. and German applications set forth in the first paragraph of the specification and the oath herein. We are unable to discern in any of these applications support for admixing a preformed titanium trihalide with an organometallo or metal hydride reducing agent. We are further unable to discover any disclosure or suggestion that the valence state of the titanium halide employed is lowered at least in part to below three. The terms of the claims copied from Anderson et al. (II) therefore find no antecedent basis in appellants' alleged parent applications.

We have found specific disclosure that the titanium halide is not reduced to titanium metal but there is no positive statement indicating the titanium salt to be reduced below the trivalent state.

Finding this lack of specific disclosure, the board further concluded:

Appellants' reliance upon inherency of formation of titanium trihalide *in situ* from the tetrahalide required in the specific examples of the parent U. S. and the corresponding German priority applications overlooks the fact that inherency, to be relied upon, must be certain. There is no positive evidence that the same catalyst is produced where the heavy metal component is the tetrahalide as opposed to the preformed trihalide. There is no teaching of the employment of preformed titanium trichloride nor of the production thereof *in situ* followed by further reduction to a valence lower than three as required in the claims at issue. None of the disclosures supports such requirement and none positively dis-

closes reduction of the titanium at least in part to a valence below three. The Examiner's rejection of the appealed claims as fully met (35 U.S.C. 102) by Anderson et al. (II) must therefore be sustained. Appellants are unable to antedate the effective date thereof.

In our view, appellants have not effectively overcome this statement of the situation. In their argument, as in the disclosure they prepared in the instant application to create a basis for copying the claims, they have produced no tangible evidence of the inherency they contend for, but only argument, and that by lawyers, not by experts in the field so far as the record shows.

We agree with the board that if appellants wish to rely on what inherently happens in the examples taken from their parent applications, as support for claimed subject matter which is clearly not *specifically* disclosed, they must prove their case. This they have not done. Of course, what they have written into the present application by way of interpretation and contention can avail them nothing. It is mere self-serving declaration and it is too late anyway.

The examiner and the board were further persuaded of the correctness of their views on the ground that full equivalence between the use of the tetrahalide and trihalide, as contended for argumentatively by appellants, is not necessarily a fact. For this they cited Gaylord whose teaching is that the same results are not obtained from catalysts made from tetrahalide and from trihalide. If the results are not the same it would follow, assuming all other conditions to be constant, that the catalysts are not the same, on which basis the Patent Office Solicitor in his brief takes the position that "the copied claims do not embrace [in the infringement sense], nor would they be supported by, a catalyst obtained by reduction of titanium tetrahalide," which is all of relevance the parent applications disclose.

 There has been a dispute in this appeal about the propriety of including as two pages of the printed record an ex-

tract from what appears to have been mere argument of Anderson's attorney in the "Remarks" portion of an amendment dated September 20, 1960. The Patent Office moved to strike them, the motion was denied without prejudice, and it was renewed at oral argument. The attorney appears to have been arguing for support in Anderson I for the claims in Anderson II, so that they would have the earlier filing date. It is said that this subject matter was not considered by the board as it was not called to its attention, which would be reason enough for us to refuse to consider it. In any event, it is nothing more than a contention made by counsel in another application and without probative value here. It would not change our views if it were properly part of the record. However, not being part of the record made below, the motion is granted.

Since it is our opinion that appellants have (a) failed to show any specific disclosure of the claimed subject matter antedating the Anderson II patent and (b) have failed to demonstrate to our satisfaction any necessary inherency of the invention in what they did disclose prior to Anderson II, the decision of the board rejecting all claims is affirmed.

Affirmed.